UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREW E. ROTH

CASE NO.: 6:23-cv-00722

vs.

(JURY TRIAL DEMAND)

AUSTIN RUSSELL

    *Defendant*,
and

LUMINAR TECHNOLOGIES, INC.

    *Nominal Defendant*.
_____/

## AMENDED / CORRECTED COMPLAINT[1]

COMES NOW, Plaintiff, Andrew E. Roth ("Roth"), by and through the undersigned legal counsel, does hereby file suit against Defendant, Austin Russell ("Russell"), and Nominal Defendant, Luminar Technologies, Inc. ("Luminar" or the "Company"), and alleges as follows:

### THE PARTIES

1. Plaintiff, Roth is a New York resident who is the owner of common stock of Luminar.

2. Defendant, Luminar, a nominal defendant herein, is a Delaware corporation with its principal place of business at 2603 Discovery Drive, Suite 100, Orlando, Florida 32826.

---

[1] In the original filed complaint, the Nominal Defendant, Luminar Technologies, Inc.'s name was spelled incorrectly in the case caption as a result of a typographical error. The error has been remedied herein.

3. Defendant, Russell is an individual residing at 1000 Genius Dr, Winter Park, FL 32789, and has a business address c/o Luminar, 2603 Discovery Drive, Suite 100, Orlando, Florida 32426.

4. At all relevant times, Russell was a controlling stockholder of the Company, and the Company's Chairperson, President, and Chief Executive Officer.

## JURISDICTION AND VENUE

5. This action is brought by Roth on behalf of Luminar pursuant to Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p(b) ("§16(b)"), to obtain disgorgement of profits realized by Defendant, Russell in violation of that statute. Jurisdiction of this court and venue in this District are proper pursuant to 15 U.S.C. § 78(a)(a) in that certain of the acts underlying this action occurred in this District.

## THE GOVERNING LAW

6. Section 16(b) of the Exchange Act provides that if an issuer's directors, officers, and any person, while beneficially owning more than 10 percent of a class of equity securities of an issuer, purchases and sells, or sells and purchases any equity security of such issuer within a period of less than six months ("short-swing transactions"), any profits arising from those transactions are recoverable by the issuer or by a shareholder suing on its behalf.

7. The statute addresses the problem of insider trading by directors, officers, and principal stockholders from engaging in speculative transactions

based on information not available to others. The statute confers on securities issuers a legal right, grounded in common law, that makes such persons "constructive trustees" of the corporation with a fiduciary duty not to engage in short-swing trading of the issuer's stock.

8. SEC Rule 16a-1(a)(2) promulgated under the Exchange Act defines the term "beneficial owner" for all purposes, other than for determining whether a person is a greater than 10% beneficial owner, as any person who has or shares a direct or indirect pecuniary interest in an equity security registered under Section 12 of the Act. The term "pecuniary interest" is defined as "the opportunity, directly or indirectly, to profit or share in any profit derived from a transaction in the subject securities." 17 CFR 240.16a-1(a)(2)(i).

DEFENDANT'S PURCHASE AND SALE TRANSACTIONS

9. In a Form 4 filed with the SEC on July 2, 2021, Russell reported that on July 1, 2021, he sold 10,500,000 shares of the Company's Class A Common Stock (the "Common Stock") at a price per share of $21.

10. In its Form 10-K for the year ended December 31, 2021, the Company reported that in December 2021 it repurchased 15,263,761 shares of Common Stock at an average price of $15.45.

11. At all relevant times, Russell was the Company's Chairperson, President, Chief Executive Officer and controlling stockholder with fiduciary obligations to the Company not to engage in short-swing transactions, and had

the opportunity to, directly or indirectly, profit or share in any profit derived from the Company's repurchases identified herein. 17 CFR 240.16a-1(a)(2)(i).

12. By engaging in the short-swing transactions identified herein, Russell breached the trust and fiduciary duty that Russell conferred upon the Company to refrain from engaging in short-swing trading in the Company's Common Stock.

13. Russell is personally liable to disgorge short-swing profits, to the extent of his pecuniary interest in short-swing transactions.

14. Russell had an approximate 28.3% indirect pecuniary interest in the Company repurchases, based upon disclosures in Amendment No. 2 to Schedule 13D filed by Russell with the SEC on August 13, 2021.

15. Matching Russell's sales with the Company's repurchases, Russell realized short-swing profits of at least $23,974,026.21 that are disgorgeable to the Company.

### CLAIM FOR RELIEF AGAINST RUSSELL

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15, *supra*, as if fully set forth herein.

17. At all relevant times, Russell was the President, Chief Executive Officer and controlling shareholder of the Company, and beneficial owner of Common Stock.

18. At all relevant times, Russell had a direct or indirect pecuniary interest in the profits derived from the short-swing transactions identified herein.

19. The matching of sales by Russell on July 1, 2021 with purchases by the Company in December 2021, yields short-swing profits of at least $23,974,026.21.

20. Accordingly, Plaintiff is entitled to damages against Russell on behalf of Luminar in the amount of at least $23,974,026.21.

21. On February 13, 2023, plaintiff made demand upon Luminar to commence this lawsuit, but the Company has not done so.

WHEREFORE, Plaintiff, Roth demands judgment on behalf of Luminar Technologies, Inc. against Defendant, Russell, as described above, including an award of attorneys' fees and costs, interest, and such other and further relief as to the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, Roth demands trial by jury on all issues so triable.

DATE: May 3, 2023

          Respectfully submitted,

          */s/ Roddy B. Lanigan*
          Roddy B. Lanigan, Esq.
          Fla. Bar No. 0041331
          Lanigan & Lanigan, P.L.
          831 West Morse Boulevard
          Winter Park, Florida 32789
          (407) 740-7379; fax (407) 740-6812
          Personal:roddy.lanigan@laniganpl.com
          *Attorney for Plaintiff, Andrew E. Roth*