# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ANDREW E. ROTH,

      Plaintiff,

v.                                       Case No. 6:23-cv-722-JA-RMN

AUSTIN RUSSELL,

      Defendant,

and LUMINAR TECHNOLOGIES, INC.,

           Nominal Defendant.

___

## ORDER

In an October 2023 order, this Court dismissed the amended complaint in this case with prejudice for failure to state a claim. (Doc. 58). Plaintiff, Andrew E. Roth, now moves the Court to reconsider that order under Federal Rule of Civil Procedure 59(e). (Doc. 59). Having considered the motion and Defendant Austin Russell's response (Doc. 61), and with the benefit of oral argument, (*see* Doc. 70), the Court finds that the motion must be denied.

## I. BACKGROUND

The amended complaint alleged that Russell was liable under 15 U.S.C. § 78p(b) because he was an insider of Luminar Technologies, Inc. and made a

profit from selling and buying Luminar stock within a six-month period. (Doc. 11). *See* 15 U.S.C. § 78p(b) ("For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer . . . within any period of less than six months . . . shall inure to and be recoverable by the issuer . . . ."). The amended complaint did not allege that Russell bought Luminar stock himself within six months of selling stock; rather, its theory of liability depended entirely on attributing Luminar's stock repurchases to Russell. (Doc. 11 ¶ 15; Doc. 58 at 12–13).

Russell moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6), asserting, as relevant here, that Luminar's repurchases could not be attributed to him under 15 U.S.C. § 78p(b). (Doc. 39 at 11–15). In response, Roth argued that the Securities and Exchange Commission (SEC) had defined beneficial ownership for 15 U.S.C. § 78p(b) purposes; that under this definition, Russell was the beneficial owner of a percentage of Luminar's repurchases; that this percentage of repurchases was attributable to Russell; and that Russell was therefore liable under 15 U.S.C. § 78p(b). (Doc. 47 at 5–6, 13–17). In so arguing, Roth frequently cited *Feder ex rel. Ivax Corp. v. Frost*, 220 F.3d 29 (2d Cir. 2000), and the SEC's amicus brief in that case. (*E.g.*, Doc. 47 at 6 & n.2, 12–13). He also cited *Kern County Land Co. v. Occidental*

*Petroleum Corp.*, 411 U.S. 582 (1973), and *Synalloy Corp. v. Gray*, 816 F. Supp. 963 (D. Del. 1993), to support that "[a]s a controlling shareholder, Russell had an obvious opportunity to profit from the use of inside information through his ownership interest in [Luminar]'s repurchases" and that "such potential abuse of inside information [wa]s exactly the kind of conduct that [15 U.S.C. § 78p(b)] was designed to prevent." (Doc. 47 at 6).

The Court agreed with Russell that Luminar's repurchases could not be attributed to him. (Doc. 58 at 8–12). The Court noted that Roth's theory presented "the extraordinary situation in which the 15 U.S.C. § 78p(b) plaintiff, on behalf of the company that [had] issued the equity security, [sought] to attribute to the insider a transaction conducted by that very company." (Doc. 58 at 8). The Court considered the SEC's definition of beneficial ownership, thought Roth's theory through to its logical end, and concluded that the theory "prove[d] too much" because "[s]imply by virtue of being an insider of the company that issue[d] the security, the 15 U.S.C. § 78p(b) defendant w[ould] almost always be a beneficial owner of the stock sold and purchased by that company." (Doc. 58 at 9). The Court examined the language of 15 U.S.C. § 78p(b) and determined that the language did not support Roth's position. (Doc. 58 at 10). The Court also pointed out Roth's reliance on the SEC's amicus brief in *Feder*, distinguished *Feder* as not presenting the same "extraordinary situation" as this case, and observed that based on recent updates to the SEC's disclosure

3

requirements related to issuer repurchase programs, the SEC "seem[ed] not to be operating in accordance with Roth's theory." (*Id.* at 11–12). Upon concluding that Luminar's repurchases could not be attributed to Russell, the Court granted his motion to dismiss. (*Id.* at 13).

## II.  LEGAL STANDARD

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration in original) (quoting *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir. 1999)). "A manifest error is one that amounts to a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Shuler v. Garrison*, 718 F. App'x 825, 828 (11th Cir. 2017) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000), and citing *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). Moreover, the moving party "cannot use [the] Rule 59(e) motion to relitigate old matters" or to "raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

## III.  DISCUSSION

Roth bases his motion to reconsider on manifest errors of law and fact, rather than newly-discovered evidence, and makes five principal arguments for reconsideration. (Doc. 59 at 5–10). First, he contends that the Court

4

misinterpreted the plain language of 15 U.S.C. § 78p(b). (Doc. 59 at 5–6). Second, says Roth, the Court misapplied the relevant definitional regulations from the SEC. (*Id.* at 6–8). Here, Roth continues to rely on the SEC's amicus brief in *Feder*, as well as the *Kern County* and *Synalloy* cases mentioned in that brief, and he takes issue with the Court's conclusions that his theory proves too much and is not supported by the recent updates to the SEC's disclosure requirements related to issuer repurchase programs. (*Id.* at 7–8). Third, Roth maintains that the Court overlooked that Russell had about 80% of the voting power of Luminar's outstanding capital stock. (*Id.* at 8–9). Fourth, according to Roth, the Court's October order, if not altered or amended, will lead to manifest injustice for companies issuing stock because the order incentivizes company insiders to abuse their access to inside information for their own profit and thereby undermines the purpose of 15 U.S.C. § 78p(b). (Doc. 59 at 9). And fifth, Roth asserts that the Court should request an amicus brief from the SEC regarding the definition of beneficial ownership for 15 U.S.C. § 78p(b) purposes. (Doc. 59 at 9–10).

Roth is mainly using his motion to reconsider "to relitigate old matters" and to "raise argument" that either was raised or "could have been raised prior to the entry of judgment." *Michael Linet*, 408 F.3d at 763. In addition, he fails to establish that the Court disregarded, misapplied, or failed to recognize controlling precedent to the extent of committing manifest errors of law or fact.

5

*See Shuler*, 718 F. App'x at 828. Accordingly, his motion will be denied.

In deciding Russell's motion to dismiss, the Court looked to the plain language of 15 U.S.C. § 78p(b), considered the relevant definitions from the SEC, distinguished *Feder*, and fully contemplated what Roth's theory of liability would mean given the language of the statute and regulations and the context involving issuers, insiders, and the SEC. (Doc. 58 at 8–12). And the Court was well aware of Russell's alleged control over Luminar, even if the October order did not refer to his voting power by percentage. (*Id.* at 6 (holding that "Roth plausibly allege[d] that Russell was a director, an officer, and a principal stockholder of Luminar and thus an insider three times over under 15 U.S.C. § 78p(b)")). The Court will not alter or amend its order—which endeavored to effectuate the intentions of Congress and the SEC in accordance with controlling precedent—merely because Roth sees manifest injustice in the result. Nor does the Court find it necessary to ask the SEC for an amicus brief.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Roth's motion to reconsider (Doc. 59) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on February ___, 2024.

JOHN ANTOON II
United States District Judge

6

Copies furnished to:
Counsel of Record